William L. Mauk, Idaho Bar No. 1825
bill@idahojustice.com
MAUK, MILLER & BURGOYNE, LLC
515 South 6th Street
Boise, ID 83701
Telephone: (208) 287-8787
Facsimile: (208) 287-8788

J. Jeffrey Gunn
jgunn@traskbritt.com
Brandon S. Mecham
bsmecham@traskbritt.com
TRASK BRITT, PC
230 South 500 East, Suite 300
Salt Lake City, Utah 84102
Telephone: (801) 532-1922
Facsimile: (801) 531-9168

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT,
DISTRICT OF IDAHO, EASTERN DIVISION

| | |
|---|---|
| **STARTING LINE PRODUCTS, INC.**, an Idaho corporation,<br><br>    Plaintiff,<br>v.<br><br>**CURVE INDUSTRIES, INC.**, a New York corporation,<br><br>    Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Case No.:<br><br>Judge: |

Plaintiff Starting Line Products, Inc. ("Starting Line" or "Plaintiff"), by and through its counsel, hereby files this Complaint alleging as follows:

## THE PARTIES

1. Starting Line is an Idaho corporation with its principal place of business in Idaho Falls, Idaho.

1

2. Curve Industries, Inc. ("Curve Industries" or "Defendant") is a New York corporation with its principal place of business believed to be at 2421 State Rte. 12, Waterville, New York 13480.

## JURISDICTION AND VENUE

3. This is a civil action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. § 1, et seq.

4. This Court has jurisdiction over the patent infringement claim by virtue of 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331.

5. This Court has personal jurisdiction over Defendant because Defendant is engaged in regular and substantial business in the State of Idaho and the District of Idaho.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendant has committed acts of patent infringement, and has otherwise regularly conducted or conducts business, within the State of Idaho and the District of Idaho.

## GENERAL ALLEGATIONS

7. Plaintiff conceived, developed, and patented snowmobile skis.

8. On October 18, 2005, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent 6,955,236 ("the '236 Patent") for an invention titled "Snowmobile Ski."

9. On January 31, 2006, the USPTO duly and legally issued United States Patent 6,991,056 ("the '056 Patent") for an invention titled "Snowmobile Ski."

10. On December 25, 2007, the USPTO duly and legally issued United States Patent 7,311,165 ("the '165 Patent") for an invention titled "Snowmobile Ski."

11. On December 25, 2007, the USPTO duly and legally issued United States Patent 7,311,166 ("the '166 Patent") for an invention titled "Snowmobile Ski."

12. Plaintiff is the assignee of each of the '236; '056; '165; and '166 Patents.

13. Curve Industries makes, uses, offers to sell and sells the Curve XS™ ski, a snowmobile ski with attachable thrusters, to compete with Plaintiff.

14. The Curve XS™ ski with attached thrusters embodies each element and limitation recited in at least claims 3 and 8 of the '236 Patent; claims 1 and 21 of the '056 Patent; claims 1, 3 and 8 of the '165 Patent; and claim 1 of the '166 Patent.

## COUNT ONE
## Infringement of U.S. Patent 6,955,236

15. The preceding paragraphs of this Complaint are incorporated and reasserted herein.

16. Defendant has made, used, offered to sell and sold, and is still making, using, offering to sell and selling, various products in the United States, including at least the Curve XS™ ski with thrusters, which directly infringes at least claims 3 and 8 of the '236 Patent.

17. Plaintiff has suffered damages by reason of Defendant's infringement of the '236 Patent, and will suffer additional damages and will be irreparably injured unless the Court enjoins Defendant from continuing such infringement.

## COUNT TWO
## Infringement of U.S. Patent 6,991,056

18. The preceding paragraphs of this Complaint are incorporated and reasserted herein.

19. Defendant has made, used, offered to sell and sold, and is still making, using, offering to sell and selling, various products in the United States, including at least the Curve XS™ ski with thrusters, which directly infringes at least claims 1 and 21 of the '056 Patent.

20. Plaintiff has suffered damages by reason of Defendant's infringement of the '056 Patent, and will suffer additional damages and will be irreparably injured unless the Court enjoins Defendant from continuing such infringement.

## COUNT THREE
### Infringement of U.S. Patent 7,311,165

21. The preceding paragraphs of this Complaint are incorporated and reasserted herein.

22. Defendant has made, used, offered to sell and sold, and is still making, using, offering to sell and selling, various products in the United States, including at least the Curve XS™ ski with thrusters, which directly infringes at least claims 1, 3 and 8 of the '165 Patent.

23. Plaintiff has suffered damages by reason of Defendant's infringement of the '165 Patent, and will suffer additional damages and will be irreparably injured unless the Court enjoins Defendant from continuing such infringement.

## COUNT FOUR
### Infringement of U.S. Patent 7,311,166

24. The preceding paragraphs of this Complaint are incorporated and reasserted herein.

25. Defendant has made, used, offered to sell and sold, and is still making, using, offering to sell and selling, various products in the United States, including at least the Curve XS™ ski with thrusters, which directly infringes at least claim 1 of the '166 Patent.

26. Plaintiff has suffered damages by reason of Defendant's infringement of the '166 Patent, and will suffer additional damages and will be irreparably injured unless the Court enjoins Defendant from continuing such infringement.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendant as follows:

1. A finding that Defendant has infringed each of the '236; '056; '165; and '166 Patents.

2. For temporary, preliminary and permanent injunctive relief prohibiting Defendant, its agents, or anyone working for, in concert with or on behalf of Defendant, from infringing any of the '236; '056; '165; and '166 Patents.

3. For an award of damages adequate to compensate Plaintiff for the damages it has sustained as a result of Defendant's bad acts, including damages for Defendant's infringement, and prejudgment interest.

4. For monetary damages in an amount according to proof at trial.

5. For an Order directing Defendant to cease making, using, selling and distributing all infringing products, whether in the possession of Defendant, its distributors or retailers, and that all offending products or materials be seized or destroyed.

6. A finding that this case is an exceptional case justifying an award of attorneys' fees against Defendant pursuant to 35 U.S.C. § 285.

7. A finding that this case is an exceptional case justifying an award of treble damages against Defendant pursuant to 35 U.S.C. § 284.

8. For costs of court.

9. For such further equitable and legal relief that this Court deems reasonable and appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues properly triable by jury.

Dated: March 19, 2014

Respectfully Submitted,

By: _____
William L. Mauk
MAUK, MILLER & BURGOYNE, LLC
515 South 6th Street
Boise, ID 83701

Attorney for Plaintiff